

FILED
JAN - 6 2014
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**RODNEY EUGENE FENNER,**

    Petitioner,

v.                                                             Civil Action No. **3:12CV856**

**COMMONWEALTH OF VIRGINIA,**

    Respondent.

## MEMORANDUM OPINION

Rodney Eugene Fenner, a Virginia prisoner proceeding *pro se*, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Fenner challenges his convictions in the Circuit Court of the City of Norfolk ("Circuit Court") for one count of robbery and one count of malicious wounding. Respondent moves to dismiss (ECF No. 7) and filed the appropriate *Roseboro*[1] notice (ECF No. 10). Fenner has responded. (ECF No. 11.) For the reasons set forth below, the Motion to Dismiss will be DENIED.

### I.     PROCEDURAL HISTORY

After pleading guilty to one count of robbery and one count of malicious wounding, the Circuit Court sentenced Fenner to an active term of imprisonment of five years on the robbery count and fifteen years on the malicious wounding count. *See Commonwealth v. Fenner*, Nos. CR10003122–00 and CR10003122–01, at 1–2 (Va. Cir. Ct. Jan. 28, 2011). Fenner filed two motions to reconsider his sentence that the Circuit Court denied. *See Commonwealth v. Fenner*, Nos. CR10003122–00 and CR10003122–01, at 1 (Va. Cir. Ct. Mar. 30, 2011); *id.* at 1 (Va. Cir. Ct. July 6, 2011). On April 27, 2012, the Circuit Court granted Fenner's third reconsideration motion and modified his sentence on the malicious wounding conviction to an

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

active term of thirteen years of imprisonment. *See Commonwealth v. Fenner*, Nos. CR10003122–00 and CR10003122–01, at 1–2 (Va. Cir. Ct. Aug. 1, 2012). Fenner filed no appeal.

Thereafter, Fenner filed a petition for a writ of habeas corpus with the Supreme Court of Virginia raising the identical claim for relief as in the instant § 2254 Petition.[2] On August 11, 2011, the Supreme Court of Virginia found that Fenner had defaulted his claim citing *Henry v. Warden, Riverside Reg'l Jail*, 576 S.E.2d 495 (Va. 2003). *Fenner v. Dir. of the Dep't of Corr.*, No. 122078, at 1 (Va. Feb. 8, 2013).

In his § 2254 Petition, Fenner demands relief upon the following ground:

A. "The Virginia Code of law for malicious wounding says that the offender has to have the 'intent to maim, disfigure, disable or kill.' The word 'intent' implies a type of premeditated mind-state which I am not guilty of."

(§ 2254 Pet. ¶ 14 (capitalization corrected).)[3] In his response to the Motion to Dismiss, Fenner also insists that his plea was unknowingly and involuntarily made because of counsel's defective advice to plead guilty. (Pet'r's Resp. 1–3, ECF No. 11.) The Court construes Fenner to raise the following additional ground for relief:

B. Fenner's guilty plea was not knowingly and involuntarily made because counsel failed to adequately explain the distinction between malicious wounding and unlawful wounding. (*See id.*).

---

[2] Fenner's state habeas petition and his § 2254 Petition are identical filings. Both forms appear to be the standard form for filing a petition for writ of habeas corpus in the Circuit Court. The Supreme Court of Virginia filed the habeas petition on November 21, 2012, and this Court filed the petition on November 28, 2012.

[3] Section 18.2–51.1 of the Virginia Code states in relevant part: "If any person maliciously causes bodily injury to another by any means . . . with intent to maim, disfigure, disable or kill . . . such [person] shall be guilty of a felony publishable by imprisonment for a period of not less than five years nor more than 30 years . . . ." Va. Code Ann. § 18.2–51.1 (West 2011).

## II. RESPONDENT'S ARGUMENTS

Respondent argues that because the Supreme Court of Virginia found Fenner's claim procedurally defaulted, this claim is barred from federal habeas review. (Br. Supp. Mot. Dismiss 4–5, 8); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). The rule in *Henry v. Warden, Riverside Reg'l Jail*, 576 S.E.2d 495 (2003)) bars non-jurisdictional claims previously raised and decided at trial or on direct appeal. *Id.* at 496. Respondent fails to demonstrate that the rule in *Henry* is regularly and consistently applied to bar claims that could have been, but were not raised at trial or on direct appeal. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases for the proposition that "the burden rests with a state to prove the adequacy of the relied-on procedural bar").

Respondent also argues that Fenner's validly entered guilty plea forecloses his claim challenging the lack of requisite intent (Mot. Dismiss 5–7), but fails to address Fenner's argument that he entered into his guilty plea based on the defective advice of counsel thereby rendering his plea unknowing and involuntary. The record contains limited information about whether counsel adequately advised Fenner about the requisite intent for malicious wounding. Fenner claims that he lacked malice when he shot the victim and persists that the shooting was an accident. He further represents that he made the argument that the shooting was an accident during a hearing on his motion for reconsideration held on or around April 27, 2012. Following the hearing, at which Fenner contends the victim testified (Pet'r's Resp. 2), the Circuit Court granted the motion for reconsideration and reduced his sentence on the malicious wounding. *See Commonwealth v. Fenner*, Nos. CR10003122–00 and CR10003122–01, at 1–2 (Va. Cir. Ct. Aug.

3

1, 2012). The record contains no transcript of the motion for reconsideration. Given the current state of the record, the Court will DENY the Motion to Dismiss.

## III. CONCLUSION

The Motion to Dismiss will be DENIED. Respondent will be DIRECTED, within sixty (60) days of the date of entry hereof, to file a further response, which raises any procedural defenses and must address the merits of Fenner's grounds for relief. The Court will ORDER expansion of the record.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 1-6-14
Richmond, Virginia

/s/
James R. Spencer
United States District Judge

4